UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LYNDA TANIELU,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

Case No. C18-5100 TSZ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by discounting several medical opinions and her own testimony. Dkt. 12. For the reasons set forth in this Order, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 51 years old, has a high school education, and has worked as a hair stylist. Administrative Record (AR) 23. Plaintiff applied for benefits in March 2014. AR 57. She alleges disability as of the application date. AR 13. Plaintiff's applications were denied initially and on reconsideration. AR 56, 69. After the ALJ conducted a hearing in July 2016, the ALJ issued a decision finding plaintiff not disabled. AR 31, 13-24.

# THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the March 2014 application date.

**Step two:** Plaintiff has the following severe impairments: Hepatitis C, degenerative disc disease, degenerative joint disease of the shoulder, major depressive disorder, somatic symptom disorder, post-traumatic stress disorder (PTSD), panic attacks with agoraphobia, generalized anxiety disorder, and mild neurocognitive disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk two hours and sit six hours in an eight-hour workday. She can never climb ladders, ropes, or scaffolds, or crawl. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and operate foot controls. Plaintiff can perform simple, routine, repetitive, unskilled work. She is limited to low-stress work requiring few decisions and few changes. She should have no public contact, and only occasional contact with coworkers and supervisors.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, she is not disabled.

AR 15-23. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-2.

# DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S
FINAL DECISION AND DISMISSING THE CASE
WITH PREJUDICE - 2

1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

**A.     Medical Opinions**

A treating physician's opinion is entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

### 1. Alysa A. Ruddell, Ph.D., and Bryan Zolnikov, Ph.D.

Dr. Ruddell examined plaintiff in 2014,[3] and Dr. Zolnikov examined her in 2013 and 2016. AR 317, 231, 651. Both diagnosed her with major depressive disorder. AR 318, 229, 650. Dr. Zolnikov also diagnosed PTSD and panic disorder. AR 229, 650. Dr. Ruddell diagnosed somatic symptom disorder. AR 318. The doctors opined that plaintiff would have "marked," *i.e.*, "very significant," limitation in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. AR 319, 230, 651. Dr. Ruddell also opined marked limitations in learning new tasks and adapting to changes in a routine work setting. AR 319. In 2013, Dr. Zolnikov opined a marked limitation in maintaining appropriate behavior in a work setting. AR 230. In 2016, he opined a marked limitation in communicating and performing effectively in a work setting and a "severe" limitation in the ability, *i.e.*, an "inability," to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. AR 650-51.

The ALJ gave "limited weight" to Dr. Zolnikov's and Dr. Ruddell's opinions on the grounds that they were based on plaintiff's self-reported symptoms instead of objective findings,[4] inconsistent with treatment records showing routine and conservative care was effective, and inconsistent with an August 2016 post hearing consultative examination.[5] AR 22.

---

[3] Dr. Ruddell also examined plaintiff in 2013, but plaintiff does not challenge the ALJ's discounting of that opinion. *See* AR 239.

[4] The Commissioner argues that the ALJ discounted the opinions because they were in check-box form. Dkt. 15 at 4. The issue, however, is not the form of an opinion but whether it is supported by adequate findings. *See Garrison*, 759 F.3d at 1013 (checkbox opinion "based on significant experience with [claimant] and supported by numerous records [was] entitled to weight that an otherwise unsupported and unexplained check-box form would not merit").

[5] The ALJ also noted that the examinations were for purposes of disability determination and plaintiff "had incentive to overstate" her symptoms. AR 22. The Commissioner acknowledges that this reason is inadequate to discount the doctors' opinions. *See* Dkt. 15 at 3, n. 3 ("The

ORDER AFFIRMING THE COMMISSIONER'S
FINAL DECISION AND DISMISSING THE CASE
WITH PREJUDICE - 4

### a. Based on Plaintiff's Self-reports

If a treating or examining doctor's "opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). "However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Id.* An ALJ does not provide clear and convincing reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports the ultimate opinion with her own observations. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199–1200 (9th Cir. 2008) (citing *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001)). Psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient[,]" because "'[u]nlike a broken arm, a mind cannot be x-rayed." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049. Clinical interviews and mental status evaluations "are objective measures and cannot be discounted as a 'self-report.'" *Id.*

Dr. Ruddell and Dr. Zolnikov conducted professional clinical interviews and mental status examinations. Neither doctor discredited plaintiff's complaints, and both supported their opinions with their own findings. In 2013, Dr. Zolnikov observed abnormalities in hygiene, eye

---

Commissioner does not rely on this reasoning.").

contact, mood, abstract thought, insight and judgment. AR 231-32. In 2016 he observed abnormal mood. AR 651-52. In 2014, Dr. Ruddell observed abnormal thought content, recent memory, fund of knowledge, and abstract thinking. AR 320. While they of course reported what plaintiff told them, they applied their professional judgment to the information she supplied.

The ALJ's finding that Dr. Ruddell's and Dr. Zolnikov's opinions were based on plaintiff's self-reports instead of objective findings was not supported by substantial evidence. The ALJ erred by discounting their opinions on this basis.

### b. Effective Conservative Care

Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of social security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As the ALJ noted, plaintiff reported in a 2016 examination that "Wellbutrin helps her mood." AR 787; AR 20. Plaintiff also could not tell the examiner "the last time she had a major depressive episode." AR 787. Plaintiff also told Dr. Ruddell in 2014 that Wellbutrin "improves [her] ability to function" and testified at the 2016 hearing that Wellbutrin "works okay" on her depression. AR 317, 37. Substantial evidence supports the ALJ's finding that plaintiff's depression was effectively treated, which undermines the doctors' opinions that major depressive disorder caused disabling limitations.

Plaintiff argues that the record shows both improvements and exacerbations in her symptoms. Dkt. 12 at 8. But the record demonstrates that after plaintiff began taking Wellbutrin around February 2014, she consistently reported that it was effective for her depression. *See* AR 309. She also generally reported that medication for anxiety was effective. *See*, *e.g.*, AR 294, 463, 474, 475; *but see* AR 307. Although her medications and dosages may have been adjusted

ORDER AFFIRMING THE COMMISSIONER'S
FINAL DECISION AND DISMISSING THE CASE
WITH PREJUDICE - 6

from time to time, the record generally shows plaintiff's mental health impairments were fairly well controlled by medication. The doctors' opinions that her mental health impairments were disabling is inconsistent with the record as a whole. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (inconsistency with the medical record as a whole was a specific and legitimate reasons to discount opinions).

The ALJ did not err by discounting Dr. Zolnikov's and Dr. Ruddell's opinions on this basis.

### c. Brett Valette's August 2016 Findings

The Commissioner argues that the ALJ reasonably preferred the opinions that Brett Valette, Ph.D., provided after examining plaintiff in August 2016. Dkt. 15 at 6. Plaintiff contends Dr. Valette's findings and opinions are not inconsistent with Dr. Ruddell's and Dr. Zolnikov's, dkt. 12 at 8, and simply a restatement of the boxes he checked. Dr. Valette opined that plaintiff could handle "simple one and two step instructions" but not complex or detailed instructions, and "may have some difficulties to interact appropriately with the public." AR 791-92. Asked if "any other capabilities [were] affected by the impairment[,]" Dr. Valette checked "No." AR 794. Plaintiff argues that this means that Dr. Valette did not consider, for example, whether plaintiff could complete a normal work day and work week without interruptions from psychologically based symptoms. Dkt. 16 at 2. The Commissioner contends that the ALJ interpreted it to mean Dr. Valette determined that plaintiff did not have any such difficulty, contradicting Dr. Ruddell's and Dr. Zolnikov's opinions. Dkt. 15 at 4. Both interpretations are rational, and thus the ALJ's must be upheld. "We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d at 750.

The ALJ did not err by discounting Dr. Ruddell's and Dr. Zolnikov's opinions based on inconsistency with Dr. Valette's opinions. *See Batson*, 359 F.3d at 1195 (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions).

### d. Harmless Error

Providing one invalid reason based on self reports was harmless error, because the ALJ provided valid reasons of conflict with the record as a whole and with Dr. Valette's opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

### 2. Jiman Jung, A.R.N.P.

Plaintiff contends the ALJ erred by failing to incorporate all of Nurse Jung's opined limitations into the RFC. Jung examined plaintiff in March 2014 and filled out a Washington state Department of Social and Health Services (DSHS) form opining that she was limited to "sedentary" work. AR 314. The ALJ gave "significant weight" to. Jung's opinions, and limited plaintiff's RFC consistent with sedentary work. AR 21; *compare* AR 18, 20 C.F.R. § 416.967(a). In an accompanying treatment note, Jung wrote that "[i]t is unlikely due to the extent of her symptoms that she will be competitively full-time employed in the next 6 months." AR 540.

Plaintiff argues that Mr. Jung's note is a medical opinion that her symptoms prevented her from being able to work full time. Dkt. 12 at 9. The Commissioner contends that the note "was equivocal" and noted that he only noted that she was "unlikely" to be employed in the next six months. Dkt. 15 at 8-9. An ALJ "need not discuss *all* evidence presented to her. Rather, she

must explain why 'significant probative evidence has been rejected.'" *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (alteration in original) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

According to plaintiff's interpretation of the treatment note, Mr. Jung flatly contradicted himself. He opined that she is capable of performing sedentary work "in a regular predictable manner despite [her] impairment" and specifically did not check the box for "[u]nable to meet the demands of [even] sedentary work." AR 314. Yet plaintiff contends his treatment note was an opinion that plaintiff could not meet the demands of any work. According to the Commissioner's interpretation, Mr. Jung's treatment note is best read as a prediction that plaintiff will not work in the next six months, rather than a medical assessment that she is unable to work. Such a statement might be useful for DSHS purposes, but it is not a functional evaluation helpful to the Social Security disability determination. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679. Mr. Jung's prediction was not significant, probative evidence that the ALJ was required to address in his decision. *See Vincent*, 739 F.2d at 1394–95.

The Court concludes the ALJ did not err by failing to address Mr. Jung's statement that plaintiff was unlikely to be employed in the next six months.

**B.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff reported "major anxiety" that makes it hard to focus on what people are saying. AR 154. At the hearing, she testified that when she gets very depressed, she stops going to work. AR 36. Her right leg hurts constantly, and only lying down improves it. AR 40, 45. She needs to lay down about four to six hours per day. AR 46. She can stand for up to 30 minutes on a good day and 10 minutes on a bad day. AR 45. She cannot lift anything heavier than a gallon of milk. AR 48.

The ALJ discounted plaintiff's testimony based on a lack of supporting objective findings, a recent exam indicated "generally mild functional limitations" and because minimal treatment was "helping with her mood." AR 20.

While a claimant's symptom testimony cannot be rejected solely because it is not substantiated by medical evidence, contradiction with the medical record is a clear and convincing reason to discount symptom testimony. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) ("contrary to Morgan's claims of lack of improvement, Dr. Reaves reported that Morgan's mental symptoms improved with the use of medication."). Evidence that a claimant's symptoms "responded favorably to conservative treatment" is a clear and convincing reason to discount the claimant's symptom testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The record demonstrates that medications effectively controlled plaintiff's depression and anxiety. *See* AR 787, 317, 37; 294, 463, 474, 475. This evidence contradicted plaintiff's claims that her mental impairments were disabling. Contradiction with the medical record was a clear and convincing reason to discount plaintiff's testimony on both her physical and mental symptoms. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The Court concludes the ALJ did not err by discounting plaintiff's testimony.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 27th day of December, 2018.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge